IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES MOON, as personal | ) | |
| representative of the | ) | |
| Estate of Randy Eugene Moon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:04cv950-F |
| | ) | WO |
| WERNER ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER ON MOTIONS</u>**

This case is before the court on plaintiff's motion to compel (Doc. # 37), plaintiff's amended motion to compel (Doc. #39), defendants' motion to compel plaintiff to produce documents (#48), and defendant's motion for protective order (Doc. #65). Upon consideration of the motions, and for good cause, it is

ORDERED that the motions are GRANTED in part and DENIED in part as follows:

1. Plaintiff's motion to compel asks the court to require defendant to produce documents responsive to plaintiff's request for production number 5, which seeks the production of "copies of any and all data, transmissions, communications or other information sent to or from the QualCom [sic] device in the vehicle operated by Robert Waggoner for Werner during the thirty days prior to and including February 19, 2004." Werner has produced such communications for the date of the accident. Although the remaining transmissions may well be relevant to the claim or defense of a party in this

action, plaintiff's motion makes no argument to the court as to why this is so, other than to assert that all of plaintiff's requests for production "are within the scope of discovery, are relevant to plaintiff's claims and said request is reasonably calculated to lead to the discovery of admissible evidence." Motion to Compel at 2. This assertion, without more, is an insufficient basis for the court to conclude that the motion to compel should be granted over defendant's objection. Accordingly, the Motion to Compel (Doc. # 37) is DENIED.

2. Plaintiff's amended motion to compel asks the court to order defendant Werner Enterprises to respond to its request for production of certain accident report data. Although defendant did summarize some accident report data in its supplemental responses, plaintiff is entitled to documents responsive to its discovery request, which the court deems relevant to the subject matter involved in the action under Fed. R. Civ. P. 26(b)(1). However, the court will limit the kind of accidents for which data must be produced to those similar to the accident involved in this case, and will also limit production to the years for which defendant has collected these data. Thus, plaintiff's motion is GRANTED to the extent that defendants shall turn over, on or before August 16, 2005, all "accident report" data from Werner Enterprises concerning computations of data totaling the number of accidents and type of accidents involving Werner vehicles *occurring at an intersection or involving a traffic control device* from January 1, 2000 through February 19, 2004. This order makes no judgment as to whether or not such documents will be admissible in the instant

      action.  See Miller v. Sweetheart Corp., 1997 WL 33153107, *6 (N.D.Ga. 1997) ("Determinations of admissibility are premature at this stage of the proceedings.").

3. Defendants' motion to compel asks the court to order plaintiff to produce any depositions given by a representative of defendants in any other case, any documents produced by defendants in any other case, and any documents created by, prepared by, generated by or authored by defendants regardless of the source from whom the documents were obtained by plaintiff.  This motion to compel was the subject of a telephone conference on July 15, 2005 in which the court directed the production or identification of certain documents listed in plaintiff's privilege log pursuant to Fed. R. Civ. P. 26(b)(3).  Accordingly, this motion (Doc. # 48) is GRANTED to the extent and for the reasons set out in the telephone conference.

4. Defendant's motion for protective order (Doc. #65) was also discussed in the July 15, 2005 telephone conference. During that conference, the motion was DENIED without prejudice for the reasons discussed therein.

DONE, this 10th day of August, 2005.

                                                /s/ Susan Russ Walker
                                                SUSAN RUSS WALKER
                                                UNITED STATES MAGISTRATE JUDGE