IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES MOON, as personal representative of the Estate of Randy Eugene Moon, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | CASE NO. 1:04-cv-950-F (WO) |
| WERNER ENTERPRISE, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on August 9, 2005, wherein the following proceedings were held and actions taken.

    1.    PARTIES AND TRIAL COUNSEL

**Plaintiff:**

James Moon, As Executor of the Estate of Randy Eugene Moon

COUNSEL APPEARING AT PRETRIAL HEARING:

Harry P. Hall, II
FARMER, PRICE, HORNSBY & WEATHERFORD, LLP.
P.O. Drawer 2228
Dothan, Alabama 36302

**Defendant:**

Robert Waggoner

COUNSEL APPEARING AT PRETRIAL HEARING

J. E. Sawyer, Jr., Esquire
203 S. Edwards Street
Enterprise, Alabama 36330

**Defendants:**

Werner Enterprises, Inc.
Drivers Management, Inc.

COUNSEL APPEARING AT PRETRIAL HEARING

Edgar M. Elliott, IV, Esq.
CHRISTIAN, SMALL, LLP
505 20th Street North
Suite 1800
Birmingham, Alabama  35203-2696


2. JURISDICTION AND VENUE

Jurisdiction for this case is established pursuant to 28 USC § 1332.  The plaintiff and his decedent are/were citizens of Alabama.  Mr. Waggoner is a resident of the State of Ohio.  Werner Enterprises, Inc. and Drivers Management, Inc. are corporate citizens of the State of Nebraska, and are incorporated under the laws of the State of Nebraska.

Venue is proper in the United States District Court for the Middle District of Alabama because the motor vehicle accident that is the subject of this case occurred in Coffee County, Alabama within the Southern Division of the United States District Court of the Middle District of Alabama.

3. PLEADINGS

The Complaint in this case was filed on September 21, 2004.

The Defendants have each answered the Complaint filed in this case.


4. CONTENTIONS OF THE PARTIES:

(a) **The Plaintiff**:

On August 29, 2003 Defendant Werner Enterprises, Inc. ("Werner") used a wholly owned subsidiary company, Drivers Management, Inc. ("DMI"), to recruit and hire the Defendant driver Robert Waggoner.  Werner operates approximately

8500 trucks in its business of transporting goods for clients all over the United States.  Mr. Waggoner had been driving tractor-trailer trucks for various employers for a total of 22 months when he was hired by Werner and DMI.  Mr. Waggoner was dispatched by Werner to travel to various points across the country and pick up loads and transport them to their destination.  Mr. Waggoner was paid $0.28 per mile for his driving initially and later this was reduced to $0.27 per mile.  Mr. Waggoner was entitled to a bonus from his employer if he met certain requirements.  These bonuses were tied to his fuel efficiency and miles achieved if he met his minimum mileage per month.

On February 19, 2004 Mr. Waggoner was dispatched to travel to Tuscaloosa, Alabama from Daleville, Alabama in order to pick up a load of goods for Werner.  Mr. Waggoner drove to Enterprise, Alabama and proceeded along the Boll Weevil Circle (a/k/a the 84 bypass) to the north.  Mr. Waggoner was stopped at the two red lights prior to the intersection where the accident occurred.  When Mr. Waggoner received the green light for his lane at the light in front of the Dairy Queen on Boll Weevil Circle, he accelerated up a hill towards the intersection with Rucker Boulevard.  As Mr. Waggoner accelerated towards the intersection with Rucker Boulevard, the traffic on Rucker Boulevard was stopped for a red light.

Randy Moon was on Rucker Boulevard heading west toward downtown and was stopped at the intersection in the first position in the right hand lane traveling straight on to Glover Avenue.  Several witnesses behind and beside Mr. Moon saw all the lights for the traffic traveling west on Rucker Boulevard (including Mr. Moon) change from red to green.  At the same time Mr. Waggoner was accelerating into the intersection under a red light, Randy Moon pulled forward to travel under his green light.  Mr. Waggoner claims his traffic light was green, but Plaintiff contends this is not accurate and that Mr. Waggoner proceeded into and through a red light for his lane of travel.

At the time of the collision of the vehicles Mr. Waggoner was traveling approximately 37-40 miles per hour.  The Werner truck struck Randy Moon's vehicle in the driver's side door and pushed it across the intersection as it rolled over until it came to rest on the median between the north and south-bound lanes of the Boll Weevil Circle.  Mr. Moon was rendered unconscious by the impact.  Several witnesses immediately left their vehicles to run to Randy Moon's aid.  One witness, Ken Edmondson, raced to the Moon vehicle only to be stopped by Mr. Waggoner who wanted to argue that Randy Moon was at fault in the accident.  At one point while Mr. Edmondson was trying to get the door open to Randy Moon's vehicle, he yelled for help, but Mr. Waggoner never assisted him in any way.  Mr.

Waggoner engaged in other arguments with other witnesses about whose fault the accident was prior to police arriving.

Once emergency personnel arrived, Randy Moon was extracted from his vehicle with the "Jaws of Life" and transported to the Enterprise Medical Center. He was stabilized there and taken to Southeast Alabama Medical Center in Dothan.  Randy suffered severe swelling of the brain and on February 21st at 8:00 AM was pronounced dead.  The Defendants have stipulated that the injuries received in the collision with the Werner truck caused Randy Moon's death.

The plaintiff is seeking punitive damages under Alabama's Wrongful Death Statute.

(b) **The Defendants Werner Enterprises, Inc. and Drivers Management, LLC  (incorrectly named as "Drivers Management, Inc."):**

These defendants deny the allegations in plaintiff's complaint.  These defendants contend that at the time of the accident complained of, the deceased was guilty of contributory negligence which proximately contributed to cause his death.  These defendants contend that the Alabama Wrongful Death statute violates the Alabama and United States Constitution, as is more specifically set out in their Answers to plaintiff's Complaint.

The defendant Drivers Management further contends that in the event the court grants the defendants' "Motion in Limine To Preclude Evidence Regarding Alleged Negligent Hiring, Training and Supervision" and determines that there are no negligent or wanton hiring, training, or supervision claims, Drivers Management should be dismissed from the case as there would be no claim which could be maintained against it.

(c) **The Defendant Robert Waggoner's Contentions:**

Defendant Waggoner hereby adopts the contentions of the Defendant's Werner Enterprises, Inc. and Drivers Management, Inc.

4

##### 5.     STIPULATIONS BY AND BETWEEN THE PARTIES

(a)     That the date of the accident was February 19, 2004 and it occurred at the intersection of the 84 Bypass (Boll Weevil Circle) and Rucker Boulevard in Enterprise, Alabama.

(b)     That Robert Waggoner was acting in the line and scope of his employment as an agent of Werner Enterprises, Inc. at the time of this accident.

(c)     That there were no drugs or alcohol in Robert Waggoner's system at the time of the accident.

(d)     That Randy Moon died on February 21, 2004 as a result of injuries he received in the collision which occurred on February 19, 2004 involving a Werner Enterprises truck driven by Robert Waggoner.

(e)     That James Moon is the proper party to bring this action on behalf of the Estate of Randy Moon.

It is ORDERED that:

(1)     The jury selection and trial of this cause, which is to last three (3) days, are set for September 7, 2005 at 10:00 a.m. at the federal courthouse in Dothan, Alabama;

(2)     A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3)     Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(4)     All deadlines not otherwise effected by this order, including deadlines for the filing of motions in limine, proposed jury instructions and requested voir dire, will remain as set forth in the Uniform Scheduling Order (Doc. # 6) entered by the court on November 8, 2004;

(5)     All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

DONE this 18th day of August, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE
